MOORE, Chief Justice
(dissenting).
I respectfully dissent from this Court’s denial of David Paul Pittman’s petition for a writ of certiorari. Pittman pleaded guilty to second-degree rape, § 13A-6-62, Ala.Code 1975, reserving the right' to appeal the denial of his motion in limine. He was sentenced to 102 months’ imprisonment; that sentence was split, and he was ordered to serve 24 months’ imprisonment. The Court of Criminal Appeals affirmed the judgment of the circuit court in an unpublished memorandum. Pittman v. State (No. CR-14-0021, July 2, 2015), — So.3d — (Ala.Crim.App.2015) (table).
The facts before us indicate that Pittman filed his motion in limine seeking a pretrial ruling on the admissibility of evidence of the complaining witness’s sexual history to show that the complaining witness had a motive to lie about having been raped by Pittman. The first basis for Pittman’s motion was to argue he was not the source of the complaining witness’s sexually transmitted disease. The second basis for Pittman’s motion was -to exercise his constitutional rights to confront and to cross-examine witnesses, to testify in his own defense, and to have compulsory process to secure witnesses. The Court of Criminal Appeals’ unpublished memorandum presented the following exchange between Pittman’s attorney and the circuit court at the hearing on the motion in limine:
“ ‘Judge, she was caught earlier in the week, the complaining witness, with a little boy, and what I think the evidence will show, alone locked in the room.
“ ‘Her parents confront her and question her as. to whether she is sexually active. She claims she is not.
“ ‘The complaining witness’ father says, “Well, I’m going to take you to the health clinic and get you tested and find out whether you are lying or not.”
[[Image here]]
“‘So that gives her motive. She is concerned that she is about to get caught being sexually active. She fears her parents [sic] disapproval and she’s got to have an out, and she blames Mr. Pittman. That’s what we want to argue.’ ”
Pittman’s petition. to this- Court asserts that the complaining witness’s father, on the morning of July 8, 2011, repeated the threat to take her to the doctor for. testing. Later that afternoon, she told her father that Pittman had raped her in.the early morning hours of that same. day. The Court of Criminal Appeals’ memorandum also stated:
“Defense counsel further explained when asked by the circuit court how.he was going to prove the complaining witness engaged in sexual activity before the rape that he ‘intended] to do it through cross-examining, [the complaining. witness] and cross-examining her mother-and her. father and say, “Isn’t it true that /all suspected your daughter was sexually active?” ’ ... Defense counsel conceded to the circuit court T don’t know that I can prove that she was sexually active with 100 percent certainty, but I can prove that her parents were worried about it and that they had reason to suspect she was....’”
The district attorney originally alleged that the complaining witness had been infected with the herpes virus by Pittman. After being tested, Pittman was found not *655 to have herpes. Because Pittman could not have infected the complaining witness, the State abandoned this allegation. The circuit court, after hearing the preceding arguments regarding the admissibility of the evidence, denied , the motion. , The Court of Criminal Appeals affirmed Pittman’s conviction, concluding that Pittman had failed to furnish evidence of specific instances of the complaining witness’s sexual behavior as required by Rule 412(b)(1)," Ala. R. Evid., and was arguing'with “nothing more than conjecture.”
Pittman argues in his petition to this Court that he should have been permitted to offer in his defense evidence indicating that.the parents of the complaining witness suspected her of sexual activity and that the complaining witness had herpes. I believe this evidence could be relevant to the complaining witness’s alleged motive in accusing Pittman and that it is not barred by Rule 412, Ala. R. Evid., the rape-shield rule.
Generally, Rule 412, Ala. R. Evid., prohibits admitting evidence in rape cases that is “offered to prove that any complaining witness engaged in other sexual behavior.” Rule 412(b) provides three exceptions, however, one of"which permits “evidence the exclusion of which would violate the constitutional rights 'of the defendant.” I believe Pittman’s constitutional rights to be confronted with witnesses against him, protected by the Sixth Amendment to the United States Constitution, may have been violated by the denial of his motion in limine.
Pittman argues that the Court of Criminal Appeals’ decision conflicts with Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988). In Olden, a defendant-convicted of rape was prohibited by a Kentucky court from offering evidence that the alleged victim cohabited with another man and had a motive to he about being raped. The United States Supreme Court reversed the judgment of the. Kentucky Court of Appeals, stating:
“We emphasized [in Davis v. Alaska, 415 U.S. 308 (1974),] that ‘the exposure of a witness’ motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.’ ... ‘[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby “to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.” ’ ”
488 U.S. at 231 (emphasis added). I believe that we should issue the writ to consider whether, if Pittman’s motion in li-mine had been granted, a reasonable jury then “could [have] appropriately draw[n] inferences relating to the reliability of the [complaining] [w]itness.” Instead, it appears Pittman was unable to confront his accuser, to cross-examine the complaining witness and her parents, and potentially to discredit the complaining witness’s testimony.
Rule 412 protects victims of sexual crimes from undue harassment and humiliation by'a defendant who seeks to cloud the minds of the jury with irrelevant issues. See Moseley v. State, 448 So.2d 450, 456 (Ala.Crim.App.1984). However, our attempts to protect complaining witnesses must not victimize a defendant by removing his confrontation and cross-examination rights under the Sixth and Fourteenth Amendments of the United States Constitution and under Article I, § 6, of the Alabama Constitution of 1901. I would grant Pittman’s petition to examine wheth *656 er Rule 412 in this case was applied unconstitutionally.